UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT BAGETTA, #117646**

    Petitioner,

                                      Civil No: 07-10188
                                      Honorable George Caram Steeh
                                      Magistrate Judge Donald A. Scheer

v.

**MARY BERGHUIS,**

    Respondent.
_____

### OPINION & ORDER DENYING PETITIONER'S
### MOTION FOR APPOINTMENT OF COUNSEL

**Introduction**

    This is a habeas case under 28 U.S.C. §2254. Robert Bagetta (hereinafter, "Petitioner"), filed a *pro se* "Petition for Writ of Habeas Corpus" in an effort to challenge his state court convictions for embezzlement and insurance fraud offenses. He is serving a two to five year term of imprisonment. The basis upon which Petitioner relies in support of his appointment of counsel motion is his indigency, his inaccessibility to necessary legal research resources, and the complexity of the legal issues presented for habeas review. Respondent has not filed a responsive pleading to Petitioner's appointment of counsel request.

    Upon review of the pleadings, the Court finds that Petitioner is not entitled to appointment of counsel in this case for reasons set forth below. Accordingly, Petitioner's "Motion for Appointment of Counsel" is denied.

## II. Standard of Review

A habeas petitioner may obtain legal representation at any stage of the case "[w]henever the U.S. magistrate or the court determines that the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B). The appointment of counsel for a habeas petitioner is within the discretion of the court. *Thirkield v. Pitcher,* 199 F.Supp.2d 637, 653 (E.D. Mich. 2002).

## III. Law & Analysis

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). "Habeas corpus is an extraordinary remedy for unusual cases." *Thirkield v. Pitcher,* 199 F. Supp. 2d at 653. The appointment of counsel is within the discretion of the Court and required only if, given the difficulty of the case and petitioner's ability: (1) the petition could not obtain justice without an attorney; (2) he could not obtain a lawyer on his own; and (3) he would have a reasonable chance of winning with the assistance of counsel. *Mira v. Marshall,* 806 F.2d 636, 638 (6th Cir. 1986). Moreover, Petitioner in this case must establish "that he was indigent *and* that exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on his due process rights." *DesRosiers v. Moran,* 949 F.2d 15, 23 (1st Cir. 1991). The factors a court may consider in addition to indigency include the indigent's ability to conduct whatever factual investigation is necessary to support his claim, the complexity of the factual and legal issues involved, and the capability of the indigent litigant to present the case. *Cookish v. Cunningham,* 787 F.2d 1, 2 (1st Cir. 1986).

In this case, Petitioner is indigent.[1] However, indigency alone is not sufficient to warrant

---

[1] The Court entered an Order granting Petitioner's "Application to Proceed without Prepayment Fees" on May 7, 2007.

the appointment of counsel. *Lavado v. Keohane,* 992 F.2d 601, 604-06 (6th Cir. 1993). Petitioner has set forth no exceptional circumstances to justify granting his request nor has he presented any facts which substantiate the presence of the above stated factors the Court would take into consideration when granting an appointment of counsel request. *Id.* Petitioner has failed to articulate why the issues raised in his case are so difficult that an attorney is required to bring the matter to resolution. Petitioner claims that his conviction arose out of testimony he gave during a grand jury hearing relative to a different case. He asserts that he was given immunity for his grand jury testimony but the immunity was subsequently revoked after his testimony; and as a result he was charged with the above stated offenses.

The Court has considered the complexity of the issues and the procedural posture of the case. At this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Petitioner's claims.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's "Motion for Appointment of Counsel" [Docket No: 3-1, filed January 11, 2007] is **DENIED WITHOUT PREJUDICE.** The court may appoint counsel at a future time if a hearing is necessary or if other circumstances warrant.

Dated: September 12, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 12, 2007, by electronic and/or ordinary mail.
S/Josephine Chaffee
Deputy Clerk