**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT M. BAGETTA, #117646,**

      **Petitioner,**

                              **Civil No: 07-CV-10188**
                              **Honorable George Caram Steeh**
                              **Magistrate Judge Donald A. Scheer**

**v.**

**MARY BERGHUIS,**

      **Respondent.**

_____/

## OPINION & ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

      Petitioner, Robert Michael Bagetta, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254[1] asserting that he is in custody in violation of his constitutional rights. He is currently a state prisoner, confined at Thumb Correctional Facility in Lapeer, Michigan where Millicent Warren is the warden. However, at the time Petitioner initially filed his request for habeas relief, he was incarcerated at E.C. Brooks Correctional Facility in Muskegon Heights, Michigan where Mary Berghuis was the warden. Petitioner pled guilty to insurance fraud, Mich. Comp. Law § 500.45111, and embezzlement of more than $1,000.00 but less than $20,000.00, Mich. Comp. Law § 750.1744A, on March 17, 2003 in Oakland County, Michigan circuit court. He was sentenced on April 14, 2003, to two to four years for the insurance fraud conviction, and two to five years for the embezzlement offense. For the reasons set forth below, the Court will deny the petition.

---

      [1]Petitioner does not cite 28 U.S.C. §2254 as the basis for his habeas petition, but substantively alleges that is being "unconstitutionally detained and imprisoned," citing a violation of 18 U.S.C. §6002 (shields grand jury witnesses from state prosecution) as the reason for his unconstitutional confinement. (Pet. at 1).

# I. BACKGROUND

Petitioner agreed to testify before the federal grand jury and in other proceedings for the United States Attorney's Office in order to implicate other individuals involved in an existing insurance fraud scheme. Petitioner asserts that he had immunity from state prosecution in exchange for his grand jury testimony. However, despite this fact, Petitioner was prosecuted. His prosecution led to his entry into a plea agreement and his present incarceration. Petitioner claims that his confinement is unconstitutional as he has been imprisoned in violation of his immunity agreement pursuant to 18 U.S.C. §6002. Petitioner raises one claim for habeas review: (1) whether Petitioner should have been immunized due to his federal grand jury witness status and not subject to state prosecution pursuant to 18 U.S.C. §6002. Respondent has filed an answer to the petition asserting Petitioner's failure to comply with the applicable statute of limitations and failure to exhaust his only habeas claim as a basis for denying habeas relief.

# II. STANDARD OF REVIEW

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith,* 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application

> of, clearly established Federal law, as determined by the Supreme Court of the United
> States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts
> in light of the evidence presented in the State Court proceeding.

28 U.S.C. §2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis,* 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins,* 539 U.S. at 520-21 (quoting *Williams v. Taylor,* 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. §2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); see also *West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly
> established precedent if the state court applies a rule that contradicts the governing
> law set forth in our cases . . .

> A state-court decision will also be contrary to this Court's clearly established
> precedent if the state court confronts a set of facts that are materially indistinguishable

from a decision of this court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams,* 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of §2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law . . . Under §2254(d)(1)'s "unreasonable application" clause, then a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly . Rather, that application must also be unreasonable.

*Id.* at 409, 410-11; see also *Davis v. Coyle,* 475 F.3d 761, 766 (6th Cir. 2007); *King v. Bobby,* 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell,* 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins,* 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

## III. DISCUSSION

### A. Exhaustion

Petitioner challenges the fact that he was prosecuted and subsequently incarcerated despite his alleged immunity agreement. He failed, however, to make the first attempt to assert this claim as he filed no application for leave to appeal with the state appellate courts nor a post-judgment motion (i.e., collateral attack) with the trial court regarding this issue. A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated

their inadequacies. 28 U.S.C. § 2254(b); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir.2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."); see also *Hannah v. Conley*, 49 F.3d 1193 (6th Cir.1995). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d). Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is premised on the principle of comity. "[T]he state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844. The Supreme Court further opined: "This rule of comity reduces friction between the state and federal court systems by avoiding the "unseem [liness]" of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation." *Id.* "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c); *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir.1979) (holding that the exhaustion requirement applies to remedies still open to the habeas applicant at the time of the filing of the petition). The burden is on the petitioner to demonstrate

compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

In the present case, relative to Petitioner's immunity challenge, at no time has he presented this claim to the courts of Michigan for review. Therefore, since the Michigan Court of Appeals nor the Michigan Supreme Court have had an opportunity to review Petitioner's habeas claim, this Court cannot proceed relative to the adjudication of Petitioner's case.

### B. Statutory Period of Limitations

If Petitioner at this juncture desired to file a claim with the state appellate courts in order to exhaust his state court remedies, his efforts would be in vain because the limitations period has expired for him to exercise the opportunity to exhaust those remedies. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application of writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one-year statute of limitations. See *Holloway v. Jones,* 166 F.Supp.2d 1185, 1187 (E.D. Mich. 2001).

In this case, subsequent to Petitioner's April 14, 2003 conviction, he did not file a post-judgment motion with the trial court, nor an application for leave to appeal with the state appellate courts. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, the Petitioner's conviction became final on April 14, 2004, one year after the trial court entered the judgment of conviction. MCR 7.204(F)(3). Thus, Petitioner had until April 14, 2005, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling, collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir.2001). Petitioner did not file any such pleadings relative to his state court conviction. His habeas petition was signed on December 25, 2006 and filed with the Court on January 11, 2007. Therefore, Petitioner's request for habeas relief was filed one year, eight months and eleven days *after* the statute of limitations expired. Accordingly, the habeas petition is time-barred.

## C. Equitable Tolling

Petitioner's claim could survive dismissal if the equitable tolling doctrine was applicable. The habeas limitations provision is not a jurisdictional prerequisite to habeas relief, and is thus subject to equitable tolling. See *Dunlap v. United States,* 250 F.3d 1001, 1007 (6th Cir. 2001). Nevertheless, "equitable tolling [should] be applied sparingly [.]." *Id.* at 1008. In determining whether equitable tolling is appropriate, the Court must consider "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* "The

petitioner bears the burden of establishing that he is entitled to equitable tolling" *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003).

Petitioner, however, makes no argument regarding the equitable tolling doctrine. The record indicates that Petitioner sat on his rights until he was motivated to file a habeas petition well over one year after the statute of limitations period ran. Case law provides that it is reasonable to consider the fact that a petitioner waits several months, before taking action relative to his claim when reviewing an equitable tolling issue. *LaCava v. Kyler,* 398 F.3d 271, 275 (3d. Cir. 2005). Sitting on rights for extended periods of time counsels against the invocation of equitable tolling. *United States v. Pace,* 544 U.S. 408, 419 (2005). Therefore, the doctrine of equitable tolling is not applicable in this case and cannot be used to salvage Petitioner's habeas claim.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that the Petition for Writ of Habeas Corpus [Dkt. 1] is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Motion for Immediate Consideration" [Dkt. #11] is **DENIED** as **MOOT**.

IT IS FURTHER ORDERED that Petitioner's "Motion for Immediate Release from Custody" [Dkt. #12] is **DENIED** as **MOOT**.

Dated: July 17, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 17, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk